HENRY THORNTON *et al. against* THE ST. PAUL & CHICAGO
RAILROAD COMPANY *et al.*

(Decided June 5th, 1876.)

Where, after demurrer to a pleading it is amended, the amended pleading super-
sedes the previous one, and the first pleading is obsolete, and does not properly
form part of the judgment roll; but where, after a demurrer to a complaint is
overruled, and the defendant answers over, and a trial on the issues thus formed
is had, and judgment thereon rendered, the demurrer, and the order overruling
it, and any proceedings on appeal from that order, as well as the answer, are
proper parts of the judgment roll, being orders and papers involving the
merits and necessarily affecting the judgment, as the defendant, notwithstand-
ing his having answered over, may desire to review on appeal the order over-
ruling his demurrer.

APPEAL by defendants from an order made by Judge
VAN BRUNT, striking out certain parts of the judgment roll in
the action.

The original summons and complaint in this action, after
answer thereto by one of the defendants, was first amended by
making The Minnesota Railway Construction Company a co-
defendant.

All the defendants then united in a joint and several demur-
rer to that complaint : 1st. For want of jurisdiction of the ac-
tion ; 2d. That the complaint did not state facts to constitute a
cause of action against the defendant so demurring ; 3d. That
there was a defect of parties, in that the holders of the stock and
bonds of the St. Paul & Chicago Railway Company, other than
the plaintiff, ought to be made parties plaintiff, either actually
or by representative ; and 4th, That several causes of action were
improperly joined.

This demurrer was sustained as to the Milwaukee & St.
Paul Railway Company, with leave granted to the plaintiffs to
amend in twenty days as to them, and for failure to amend as
to them, judgment of dismissal was ordered on the demurrer as
to all the other defendants, leave being granted to them to an-
swer on terms.

Plaintiffs again, for the second time, amended their complaint. A motion was made thereon by all the defendants, that certain portions of· the complaint, as last amended, be stricken out as irrelevent and redundant, which was denied, whereupon the defendants severally demurred thereto for misjoinder of causes of action; for insufficiency of statement of any cause of action as to several of the defendants, and, among other grounds, that the action did not purport to be brought by plaintiffs as stockholders, on behalf of themselves and all others similarly situated.

This demurrer was sustained, as to this last ground, and judgment given for the defendants, unless plaintiffs amended in twenty days.

The other grounds of demurrer were overruled, and judgment given the plaintiffs thereon, with leave to defendants to amend in twenty days.

Plaintiffs thereupon served a third amended complaint. To this the defendants severally demurred : 1st. For want of jurisdiction of the action as against the several foreign corporations, for that it appeared that all the plaintiffs were not residents of this State, and that the supposed cause of action did not arise in this State; 2d. No cause of action against Russel Sage, as President of The Minnesota Railway Construction Company, either separately or jointly with the other defendants; 3d. No cause of action against either of the other defendants, separately or jointly; 4th. The improper uniting of distinct and separate causes of action, with nine specifications; 5th. A separate demurrer by The Minnesota Railway Construction Company, of insufficiency of any statement of any cause of action as against them, and that they were unnecessary parties; 6th. That the complaint, so far as it purported to allege any supposed cause of action in favor of plaintiffs and of others as creditors at large, was improper, in attempting to make such other creditors parties; 7th. Other alleged defects are specified.

This demurrer was overruled, and, on appeal to the general term, that decision was affirmed, whereupon all the defendants answered, severally and jointly. The cause was tried and judgment rendered against the St. Paul & Chicago Railway Company, and in favor of all the other defendants.

In making up the judgment roll, defendants caused the original and all the amended complaints, together with all the demurrers and answers, proceedings and orders made in respect thereto, to be incorporated and made parts thereof.

On motion of the plaintiffs an order was granted that the several original and amended summons and complaints, except the summons and complaint as last amended, together with *all demurrers* to the original, *or any of the amended complaints*, and the *orders thereon*, contained in the judgment roll filed in the action, should be stricken from and out of said judgment roll, and that the said judgment roll be accordingly amended.

This appeal was taken by the defendants from that order.

*F. N. Bangs*, for appellants.

*D. M. Porter*, for respondents.

ROBINSON, J.—It is a well established principle of pleading that where one pleading is amended, such amended pleading supersedes and becomes a substitute for any and all previous ones. Whatever rights are intended to be asserted must be presented by or with reference to such amended pleading. If any such matters had been previously considered upon antecedent pleadings, notwithstanding any adverse decision in respect thereto, they must be again asserted in or with reference to the amended pleading. The latter pleadings become "*res nova*," and they, together with all such questions as they present, become the exclusive subject of judicial cognizance in the action.

The original complaint and the separate answer thereto of one defendant; the first amended complaint and the demurrer thereto, with the order sustaining it; the second amended complaint, with the papers on the motion to strike out parts thereof as irrelevant and redundant, and the order made thereon, as well as the demurrer imposed upon a denial of that motion, and the decision upon such demurrer, all fall within the category of obsolete and expunged pleadings, wholly superseded by the third amended complaint and such proceedings as have been had in

respect to the cause of action therein asserted. The third amended complaint, however, being that upon which issues of law and of fact were joined, and upon which final judgment was rendered, together with everything affecting the rights of the parties as to the matters there asserted, either by demurrer in the first instance overruled, or the decision of the general term on appeal, affirming such judgment, followed by an answer to the merits, seem to be, each and every of them, proper and necessary matters to be contained in the judgment roll. Certain of the matters of defense claimed to exist as to this third amended complaint, and claimed to be apparent as proper subjects of the demurrer, though possibly not reasserted in the answer, still remain as proper subjects of review by the Court of Appeals.

. Although that demurrer was overruled, and the decision was on appeal affirmed, the defendants were not required still to prosecute their appeal to the court of last resort, but might for the time yield to the force of that decision, and interpose answers on the merits; and it does not seem that, upon any principle of practice, their submission to the decision of this court and answering the complaint was to be regarded as an absolute waiver of any of such objections to the complaint as had been properly taken by demurrer.

In such view of the office of the judgment roll required by § 281 of the Code, the demurrer to the third amended complaint was a pleading, and the order overruling it, as well as the order of affirmance by the general term, were orders and papers involving the merits, and necessarily affecting the judgment (Code, § 281, sub. 2), and should constitute part of the judgment roll.

The order appealed from should therefore be affirmed, so far as it relates to pleadings preceding the third or last amended complaint, and such order should be modified by inserting therein, after the words "and the orders thereon contained in the judgment roll filed in this action," the words "except such as relate to said third or last amended summons and complaint" (including from folio 327 *et sequitur* in the printed case sub-

mitted on this appeal); and the allowance of $10 costs on the said motion reversed.

No costs granted on this appeal to either party.

JOSEPH F. DALY, J., concurred.

Ordered accordingly.