(70 Hun, 515.)

## DEXTER v. DUSTIN et al.

(Supreme Court, General Term, Third Department. July 8, 1893.)

JUDGMENT ROLL—WHAT CONSTITUTES—ORIGINAL ANSWER.

Where an amended answer has been substituted for the original answer, neither the order directing such substitution nor the original answer is properly a part of the judgment roll, and, if incorporated therein, they will be stricken out on motion.

Appeal from special term, Franklin county.

Action by Orrando P. Dexter against William Dana Dustin and others. From an order granting defendants' motion to strike from the judgment roll the original answer, and the order directing an amended answer to be received and treated as the answer in the case, plaintiff appeals. Affirmed.

For former report, see 15 N. Y. Supp. 970, mem.

The opinion of Mr. Justice KELLOGG at special term is as follows:

A motion is made herein to strike from the judgment roll as filed with the clerk of the county of Franklin, where this action was tried, the original answer, and the order of the court directing that the amended answer be received and treated as the answer in the case. The simple question is whether, as a matter of practice, the original answer, which has been superseded by an amended answer, is properly a part of the judgment roll, and whether the order directing the substitution is also a proper part of the judgment roll. I think not. The original answer can no longer affect the merits, nor can the usual order of substitution affect the merits of the action. The merits of the action must be discovered from the issues raised by the complaint and the amended answer, where the amended answer is a substitute for the original answer. The trial of the action is a determination of the merits appearing from the issues formed by the complaint and the amended answer only. This being an equity action, the plaintiff claims that, although the determination of the merits was in plaintiff's favor, the court refused to grant plaintiff costs of the action, and that plaintiff has appealed, or is about to appeal, on that ground. He also claims that the order substituting the amended answer for the original answer had a clause saving the rights of plaintiff to costs or disbursements which may have been occasioned by reason of the original answer, and that this saving clause in the order should have been taken into consideration by the justice before whom the action was tried in determining the question of costs. It is difficult to see how the existence of this order, or this provision in the order, could be brought to the knowledge of the trial justice on any presumption that he was bound to know of the existence of such an order on file in the office of the clerk of the county of Franklin; and it would be absurd, it seems to me, to now claim—without having brought this order to the knowledge of the trial justice—that counsel for plaintiff should ask that it be considered by the general term as weighing upon the question of an abuse of discretion upon the part of the justice on the subject of costs. This would be presenting a different case to the appellate court from that which was presented upon the trial before the trial justice. There was one plain way in which the matter might have been brought to the knowledge and notice of the trial justice. If the plaintiff desired any facts should be presented to him, other than the facts developed upon the trial, it would have been an easy matter to have also presented this order and the original answer as a part of his evidence, claiming that it had a bearing on the discretion of the justice in determining whether the plaintiff was entitled to costs, and how much, if any. In what way the contents of the original answer, which had been relegated out of the case by the order, or in what way the provisions of the order itself could be considered by the trial justice without being presented to him, is not

clear. Certainly the justice cannot be presumed to know the contents of such an answer, which is not within the case, or the provisions of an order on file in the county clerk's office, although such an order may have been made in the case. This order is not an order affecting the merits. It relates solely to the costs; and costs can never be considered, even in equity cases, as coming under the head of merits, as understood in the practice. The contents of this original answer, after it was removed from the case, and the contents of this order on file in the county clerk's office, were facts which could be brought to the knowledge of the trial justice only on presentation and proof. This appears not to have been done in this case. They are, consequently, no part of the case, and are improperly attached to the judgment roll. For these reasons it is ordered that they be stricken therefrom.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

John P. Badger, for appellant.
Kellas & Munsill, (John P. Kellas, of counsel,) for respondents.

PER CURIAM. We are of opinion that the order in question in this case should be affirmed on the opinion of the court below. See Brown v. Railroad Co., 18 N. Y. 495; Thornton v. Railroad Co., 6 Daly, 511.

---

(70 Hun, 600; mem. report without opinion.)

SAGE et al. v. BURTON.

(Supreme Court, General Term, Third Department. July 8, 1893.)

POWERS OF AGENTS—COLLECTIONS.
An agent authorized to collect accounts has no power, in the absence of evidence to that effect, to receive a check for less than the amount due his principal, where there is no evidence of mistake in the account.

Appeal from circuit court, Albany county.

Action by Henry W. Sage, Dean Sage, and W. H. Sage against D. G. Burton on an account. Judgment dismissing the complaint. Plaintiffs appeal. Reversed.

The plaintiffs are copartners under the firm name of H. W. Sage & Co. The plaintiffs have had business dealings with the defendant for a number of years. For upwards of 20 years prior to the year 1890, one Joseph B. Abbott was in the employ of plaintiffs. Abbott was authorized to sell and make collections for plaintiffs. On or about the 6th or 7th of March, 1890, Abbott called on the defendant at his place of business, with a statement for the lumber sued for in this action. A deduction of $100 was allowed by Abbott and credited on the bill, leaving a balance of $234.11. Thereupon defendant made and delivered to Abbott his check on the People's National Bank of Mount Vernon, N. Y., to the order of plaintiffs, in their firm name, for $234.11, and thereupon the statement was receipted and marked: "Settled. H. W. Sage & Co. A." In due course of time the check came to the defendant's bank indorsed "H. W. Sage & Co.," "J. B. Abbott," and was paid by the bank out of defendant's account, and charged to him.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Tracey & Cooper, (James Fenimore Cooper, of counsel,) for appellants.
George H. Stevens, for respondent.