ORRANDO P. DEXTER, Appellant, *v.* WILLIAM DANA DUSTIN and Others, Respondents.

*Judgment roll — the amended (not the original) answer should be inserted in — an order allowing the amendment and the original answer not considered on appeal if not proved on the trial.*

Where an amended answer has been served to a complaint in an equity case the original answer should not be inserted in the judgment roll as filed with the county clerk; nor should the order allowing such amended answer to be served.

The fact that an order, by which an amended answer is substituted for the original answer, has a clause saving the rights of the plaintiff to the costs or disbursements which may have been occasioned by reason of the original answer, and that this saving clause in the order has not been taken into consideration by the justice, before whom the issue created by the amended answer was tried, in determining the question of costs, can only be presented to the appellate court after such order and original answer have been put in evidence upon the trial of the action.

The contents of the original answer and of the order in such a case are facts which should be brought to the knowledge of the trial justice by presentation and proof, and where they are not so presented and proved they constitute no part of the case and are improperly attached to the judgment roll.

APPEAL by the plaintiff, Orrando P. Dexter, from an order of the Supreme Court, entered in the office of the clerk of the county of Franklin on the 14th day of January, 1893, directing the said county clerk to strike from the judgment roll filed in his office in this action the original answer served herein, verified the 29th day of May, 1890, and the order of this court granted the 3d day of February, 1891, or copies thereof, and that neither of said papers or copies thereof be incorporated in the judgment roll herein.

*John P. Badger*, for the appellant.

*John P. Kellas*, for the respondents.

PER CURIAM:

We are of opinion that the order in question in this case should be affirmed on the opinion of the court below. (See *Brown* v. *Saratoga Railroad Co.*, 18 N. Y. 495; *Thornton et al.* v. *The St. Paul & Chicago R. R. Co.*, 6 Daly, 511.)

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs, on opinion of court below.

THIRD DEPARTMENT, JULY TERM, 1893.                    [Vol. 70.

The following is the opinion of the court below:

KELLOGG, J.:

A motion is made herein to strike from the judgment roll as filed with the clerk of the county of Franklin, where this action was tried, the original answer, and the order of the court directing that the amended answer be received and treated as the answer in the case.

The simple question is whether, as a matter of practice, the original answer, which has been superseded by an amended answer, is properly a part of the judgment roll, and whether the order directing the substitution is also a proper part of the judgment roll. I think not. The original answer can no longer affect the merits, nor can the usual order of substitution affect the merits of the action. The merits of the action must be discovered from the issues raised by the complaint and the amended answer, where the amended answer is a substitute for the original answer. The trial of the action is a determination of the merits appearing from the issues formed by the complaint and the amended answer only. This being an equity action, the plaintiff claims that although the determination of the merits was in plaintiff's favor, the court refused to grant plaintiff costs of the action, and that plaintiff has appealed, or is about to appeal, on that ground. He also claims that the order substituting the amended answer for the original answer, had a clause saving the rights of plaintiff to costs or disbursements which may have been occasioned by reason of the original answer, and that this saving clause in the order should have been taken into consideration by the justice before whom the action was tried, in determining the question of costs. It is difficult to see how the existence of this order, or this provision in the order, could be brought to the knowledge of the trial justice on any presumption that he was bound to know of the existence of such an order on file in the office of the clerk of the county of Franklin; and it would be absurd, it seems to me, to now claim — without having brought this order to the knowledge of the trial justice — that counsel for plaintiff should ask that it be considered by the General Term as weighing upon the question of an abuse of discretion upon the part of the justice, on the subject of costs. This would be presenting a different case to the appellate court from that which was presented upon the trial before the trial

justice. There was one plain way in which the matter might have been brought to the knowledge and notice of the trial justice. If the plaintiff desired any facts should have been presented to him, other than the facts developed upon the trial, it would have been an easy matter to have also presented this order and the original answer as a part of his evidence, claiming that it had a bearing on the discretion of the justice in determining whether the plaintiff was entitled to costs, and how much, if any. In what way the contents of the original answer, which had been relegated out of the case by the order, or in what way the provisions of the order itself could be considered by the trial justice without being presented to him, is not clear. Certainly the justice cannot be presumed to know the contents of such an answer which is not within the case, or the provisions of an order on file in the county clerk's office, although such an order may have been made in the case. This order is not an order affecting the merits. It relates solely to the costs; and costs can never be considered, even in equity cases, as coming under the head of merits, as understood in the practice. The contents of this original answer, after it was removed from the case, and the contents of this order on file in the county clerk's office, were facts which could be brought to the knowledge of the trial justice only on presentation and proof. This appears not to have been done in this case. They are consequently no part of the case, and are improperly attached to the judgment roll. For these reasons, it is ordered that they be stricken therefrom.