(45 Misc. Rep. 599)

### GOLDSTEIN v. MICHELSON et al.

(Supreme Court, Appellate Term.   December 7, 1904.)

1. PLEADING AMENDED ANSWER—REFERENCE TO ORIGINAL PLEADING—CONSOLIDATION.

Where an amended answer contained an allegation that defendants realleged every allegation contained in certain paragraphs of the original answer, the original answer was nevertheless superseded by the amended one; and, the plaintiff not having in any manner consented to a consolidation, the original answer was properly stricken out, on settlement of the case on appeal, as forming no part of the judgment roll.

2. SAME—JUDGMENT ROLL—INTERLOCUTORY ORDER.

Defendants served an amended answer, alleging that they realleged the allegations set forth in certain paragraphs of the original answer. Plaintiff's motion for judgment on this answer as frivolous was denied, but he obtained judgment on the pleadings, on which defendant appealed. *Held* that, on settlement of the case on appeal, the court properly struck out the order denying said motion. as forming no part of the judgment roll, as the motion merely raised the question that the pleading was insufficient on a bare inspection, and did not touch its legal sufficiency, and therefore was not within Code Civ. Proc. § 1237, under which an interlocutory order, to become a part of the judgment roll, must be one which in some way "involves the merits or necessarily affects the judgment."

Appeal from City Court of New York, Special Term.

Action by Louis Goldstein against Lena Michelson and others. From an order granting a motion for resettlement of the case on appeal by striking out certain papers, defendants appeal.   Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Jacob Gordon, for appellants.
A. B. Schleimer, for respondent.

BISCHOFF, J.   The action was to enforce the liability of sureties upon an undertaking given to discharge a mechanic's lien; and the answer, after denying certain allegations of the complaint, set up affirmative defenses based upon the pendency of an appeal from the judgment in the action to establish the lien.   Thereafter the defendants served an amended answer alleging that they "reiterate and reallege each and every allegation set forth and contained" in certain paragraphs of the original answer, with amendment of the affirmative defenses.   A motion for judgment upon this amended answer, as frivolous, was denied; but, upon the case being called for trial, the plaintiff obtained judgment on the pleadings, and the defendants took an appeal from the judgment.   Upon the settlement of the case on appeal, the court struck out the order which denied the plaintiff's earlier motion for judgment on the amended answer, as frivolous, and also struck out the original an-

swer; both papers having been included in the proposed case on appeal, as a part of the judgment roll.

In our opinion, the court committed no error in striking out these papers, and the order appealed from should not be disturbed. When the defendants served their amended answer, so described, the earlier answer was superseded for all purposes of the record (Dexter v. Dustin, 24 N. Y. Supp. 129, 70 Hun, 515; Thornton v. R. Co., 6 Daly, 511); and the defendants could not change its status by the mistaken practice of referring to it in the amended pleading, at least without the plaintiff's consent. Here the plaintiff did nothing in the slightest degree inconsistent with the position that the amended answer was to be treated as such, and the court therefore was not required to take the pleadings as consolidated, by consent, without an order, as in Kline v. Corey, 18 Hun, 524—a case where the amended complaint was futile unless treated as a supplemental complaint, and where the defendant answered to the merits, with recognition of the original complaint, after the amendment. We must hold, therefore, that the original answer had no place in the judgment roll; and so, too, of the order denying the plaintiff's motion for judgment upon the amended answer as frivolous. The order was, of course, no adjudication that the amended answer was sufficient as matter of law. The motion presented no more than the proposition that the pleading was insufficient upon a bare inspection, without the need of argument, and the order denying that motion necessarily left the question of the legal sufficiency of the pleading wholly unaffected. An interlocutory order, to become a part of the judgment roll, must be one which in some way "involves the merits or necessarily affects the judgment" (Code Civ. Proc. § 1237)—qualities which the order in question cannot, in any sense, be said to possess.

We conclude that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

